**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WILLIAM T. SMITH, | No. 17-35645 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05480-TLF |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted July 13, 2018[**]
Seattle, Washington

Before: CLIFTON and NGUYEN, Circuit Judges, and BATTAGLIA,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

William Thomas Smith appeals the district court's order affirming the determination that he was ineligible for Social Security disability benefits under Title II and Title XVI of the Social Security Act. We affirm.

1. The district court held that many of Smith's arguments had been waived by failure to present them properly to the district court. In his opening brief to us, Smith did not discuss or directly challenge the district court's holding, so that argument was waived on appeal. Though our review may be de novo, the failure to present and exhaust arguments to the district court is an independent basis for rejecting them. Discussing the district court's holding in the reply brief is too late. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). Even if not waived for this reason, Smith presents those challenges in the same conclusory manner that led the district court to conclude that the arguments had been insufficiently presented and were thus waived, and we agree with the district court's assessment. Because he failed to present them with the requisite specificity in his opening brief, Smith's challenges to the Administrative Law Judge's (ALJ) treatment of the records from Debra Sanchez, Ph.D., Donna Smith, Psy.D., C. Richard Johnson, M.D., Daniel M. Neims, Ph.D., Carl Redick, Psy.D., Elizabeth Bain, Ph.D., Charles Lee, M.D., and Coral Hilby, M.D., as well as the ALJ's assessment of

Smith's Global Assessment of Functioning (GAF) scores, are waived.[1] *Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (failure to raise an argument before the district court waives that argument on appeal).

2.      The ALJ found that Smith's testimony was "not entirely credible," and he provided "specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (internal quotation marks omitted). With regard to Smith's alleged physical impairments, the ALJ cited evidence of some limitations in Smith's upper extremities, but also explained that he had a "normal gait and intact strength," and that the only medication he ever took for his pain was ibuprofen. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (stating that a favorable response to "conservative treatment undermines [the claimant's] reports regarding the disabling nature of his pain"). The ALJ also noted Smith's alleged ankle pain, but medical records showed a full range of motion in his ankle, as well as his back. Moreover, the ALJ pointed to specific

---

[1] For the same reasons, Smith's conclusory argument about the treatment notes and evaluations from "Dr. Kaiyala, Dr. Neher, Dr. LaRue, Dr. Lee, Dr. Ziskin, . . . Ms. Corley-Wheeler, Mr. Conn, Mr. Throckmorton, Mr. Curtis, Dr. Sanchez Metz, Mr. Milloy, Mr. MacWilliam, Mr. Carter, and Mr. Guidry" is waived.

parts of the record that showed that Smith's activities were inconsistent with his alleged symptoms and disabling physical impairments.

With regard to Smith's mental health, the ALJ explained a particularly severe incident in 2005, but provided clear and convincing reasons for why this did not reflect the overall record. In particular, the ALJ explained that the medical records showed that, even when faced with stressful situations, Smith's attitude and appearance were within normal limits. And the ALJ made detailed findings about Smith's social functioning, and found that Smith "could have at least superficial interaction with coworkers and the public within [his] residual functional capacity." Smith's specific arguments challenging the ALJ's credibility determination are either conclusory or misrepresent the ALJ's findings.

3. The ALJ gave clear and convincing reasons supported by substantial evidence for giving little weight to the records from Sule Karakus, M.D., *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996), namely, a series of contradictions in Dr. Karakus's own treatment records and heavy reliance on Smith's "less than credible subjective complaints."

Second, the ALJ provided specific and legitimate reasons supported by substantial evidence for the weight he assigned to Smith's examining doctors' records. *See id.* at 830-31. The ALJ explained that Ted Stagner, Psy.D.,

4

performed his examination while Smith was involuntarily committed for psychiatric treatment in 2005 and that Dr. Stagner's records did not align with Smith's reported activities or with other medical records. The ALJ gave some weight to the examination performed by Andrew Opalenik, D.O., because of inconsistencies between his consultative examination and assessment form, and because his opinion was contradicted by Gary Gaffield, D.O. And the ALJ gave great weight to the consultative examination performed by Dr. Gaffield because his opinion was consistent with other opinions in the record and with Smith's reported activities.

Third, the ALJ gave germane reasons supported by substantial evidence for discounting the opinions of "other sources." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Tadeug Doviak, M.A., did not perform a mental examination and the ALJ found that his assessment relied too heavily on Smith's subjective complaints.[2] The ALJ also gave little weight to the physical examination report from Kathryn Shaw, ARNP, because she was not an acceptable medical source and because her report conflicted with Dr. Gaffield's opinion. 20 C.F.R.

---

[2] There is no evidence in the record that Doviak was an acceptable medical source. *See* POMS DI 22505.004 (explaining requisite credentials for psychologists); *Warre v. Comm'r of Soc. Sec. Admin*, 439 F.3d 1001, 1005 (9th Cir. 2006) ("The POMS does not have the force of law, but it is persuasive authority.").

§ 416.902(a)(7)-(8). And the ALJ did not err by failing to consider the records from Shannon M. Tait, M.A., because she was not an acceptable medical source, nor were her records significant or probative. *See Molina*, 674 F.3d at 1111 (stating that check-off forms that do not include explanations for the conclusions stated therein may be rejected); *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (explaining that an "ALJ is not required to discuss evidence that is neither significant nor probative").

4.    The ALJ provided germane reasons supported by substantial evidence for assigning less value to the lay testimony from Smith's mother, Beverley Starr, and his former employer, Cheri Black. *Stout v. Comm'r Soc. Sec. Admin*, 454 F.3d 1050, 1053 (9th Cir. 2006). Starr failed to mention Smith's history of alcohol abuse and she completed the form shortly after Smith's involuntary 2005 treatment. Black worked with Smith before his onset date and before he received mental health treatment and medication.

5.    The remainder of Smith's arguments are equally unavailing. Smith challenges the ALJ's finding at step three based solely on the ALJ's rejection of Dr. Smith's report, but any argument involving Dr. Smith was waived. Smith also argues that, at steps four and five, the ALJ erred in his determination of his Residual Functional Capacity (RFC) because he did not properly consider all of the

6

medical records.  As explained above, the ALJ properly weighed the medical

evidence, and the RFC was supported by substantial evidence.  *Bayliss v. Barnhart*,

427 F.3d 1211, 1217 (9th Cir. 2005).  It follows that the ALJ's reliance on the

vocational expert's testimony was not in error.  *See id.* ("The hypothetical that the

ALJ posed to the [vocational expert (VE)] contained all of the limitations that the

ALJ found credible and supported by substantial evidence in the record.  The

ALJ's reliance on testimony the VE gave in response to the hypothetical therefore

was proper.").  The ALJ did not err at steps four and five.

**AFFIRMED.**